**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 10, 2011

Lyle W. Cayce
Clerk

No. 10-31104
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO PALMA,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-65-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Palma appeals the sentence of 180 months of imprisonment imposed following his entry of a guilty plea to a charge of illegal reentry into the United States of a previously deported alien. *See* 8 U.S.C. § 1326(b)(2). Palma argues that his sentence is substantively unreasonable. He argues that the district court erroneously treated his criminal history as under-represented in severity and extent. Palma avers that the record did not support the district court's conclusion that he had a pattern of assaultive behavior and preyed on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegal alien victims.  He contends that the district court abused its discretion in the fact of and the degree of the departure or variance.

We consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, "tak[ing] into account the totality of the circumstances."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The reasonableness inquiry on appeal must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a).  *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006).  That this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Gall*, 552 U.S. at 51.

Prior to imposing a sentence, the district court is "still *required* to calculate the guideline range and consider it advisory."  *Smith*, 440 F.3d at 707.  The court must use the "appropriate Guideline range as a frame of reference"and "must more thoroughly articulate its reasons . . . than when it imposes a sentence under the authority of the Sentencing Guidelines."  *Id.* (internal quotations and citations omitted).  The reasons must be "fact-specific" and consistent with the § 3553(a) sentencing factors.  *Id.*

The district court calculated the advisory guidelines range and thoroughly articulated its extensive reasons, referencing the § 3553(a) factors, for the sentence it imposed.  *See Smith*, 440 F.3d at 707-08.  After referring to the facts in the presentence report and the evidence introduced at sentencing, the district court determined that Palma had an extensive criminal history for his age and one that demonstrated a propensity to commit future crimes, that Palma had repeatedly received lenient sentences for serious crimes, and that Palma had victimized illegal aliens.  The district court expressed concern regarding the violent nature of Palma's prior and pending offenses.  Specifically, the district court noted that Palma's personal history and characteristics indicated a "propensity to ignore [the] laws of the United States," and an "[in]ability to control his anger."  The court explained that the sentence was needed to provide

just punishment and to send a message that would deter similar future crimes by Palma. Moreover, because of the violent nature of Palma's prior conduct, the district court determined that the sentence was necessary to protect the public from Palma.

The record demonstrates that the district court's rationale justified the above-guidelines sentence. The district court considered the Guidelines and the § 3553(a) factors, including Palma's history and characteristics, the nature and circumstances of the instant offense, the need to deter future criminal conduct, and the need to protect the public and promote respect for the law. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). Palma has not shown that the district court abused its discretion by imposing an above-guidelines sentence. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006); *Smith*, 440 F.3d at 708-10.

The extent of the increase above the advisory guidelines range was moreover not unreasonably excessive under the circumstances. Although the 180-month sentence was 109 months greater than the top of Palma's guidelines range, it does not exceed the 20-year statutory maximum term of imprisonment for the enhanced illegal reentry offense. *See* § 1326(b)(2). This court has affirmed similar and more substantial above-guidelines sentences. *See*, *e.g.*, *United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008); *United States v. Lopez-Velasquez*, 526 F.3d 804, 806-07 (5th Cir. 2008); *United States v. Mejia-Huerta*, 480 F.3d 713, 717-18, 723 (5th Cir. 2007); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006). Palma has not shown on this record that the sentence imposed was an abuse of discretion. *Smith*, 440 F.3d at 707.

AFFIRMED.